STATE OF IOWA, Appellee, v. RUSSELL THOMSON, Appellant.

No. 42739.

DECEMBER 11, 1934.

Clark & Clark, for appellant.

Ray G. Walter and Edward L. O'Connor, for appellee.

EVANS, J.—The prosecuting witness, Kearney, was robbed on the night of November 17, 1933, between 9:45 and 10:20 p. m. Kearney was part owner of the Skogland Drug Store. He was in the act of closing his store when he was suddenly accosted by a robber, who directed him to "Stick 'em up". The robber directed· him to open the safe. He attempted to comply with such order, but fortunately was unable to accomplish it. After considerable effort under the gun of the robber, the attempted robbery became a practical failure and the fruits of it amounted to an inglorious $2.93.

Kearney reported the robbery promptly. On the next morning, November 18, some circumstances came to light by reason of which suspicion fell upon this defendant. He was taken into custody by the deputy sheriff and was orally accused of the crime. He was taken to the sheriff's office to be there questioned by the sheriff, deputy sheriff, and county attorney. It was claimed by the state that on that date, in the sheriff's office, and in the presence of the sheriff, deputy sheriff, and county attorney, the defendant confessed his commission of the crime. Such contention was stoutly denied on the trial by the defendant. The evidence shows that the defendant was held in custody in the jail for the period of five days without information against him, and that each day he was brought to the sheriff's office for more or less questioning. The alleged confession was not in writing. It was testified to positively by the deputy sheriff, and somewhat reservedly by the sheriff. Except for the alleged confession, the evidence introduced against the defendant on the trial was of very doubtful sufficiency to go to the jury. A large number of assignments of error are presented to us. Among these was the alleged misconduct of the county attorney in that he made certain statements of fact in his closing argument to the jury that were not based upon the record, but upon the alleged personal knowledge of the county attorney himself. The evidence of the deputy sheriff showed that the county attorney was present when the alleged confession was made. The county attorney did not make himself a witness in the case. But in his closing argument to the jury he discussed the alleged confession. He asserted in substance that he *knew* that the confession was made because he was there present. His language was:

"In fact, I *know*, having known the sheriff and *having been there myself* at the time that conversation took place."

That he should have refrained from testifying was an appropriate course on his part, in view of his relation to the case as prosecuting attorney. But the propriety was all lost when he made himself an unsworn witness in his closing argument. His language doubtless resulted from the heat of argument and might well be condoned, so far as he himself is concerned, if only he himself was affected by it. But the lapse on his part was of tremendous importance to a fair trial for the defendant and was virtually incurable. The court sustained the defendant's objection and warned the jury. But the mis-

chief was done before the objection could be heard. There was no justification for the action of counsel. Whether its influence could be withdrawn by a mere ruling of the court would be a mere guess at best. In view of the doubtful sufficiency of the other evidence in the case, and of the great importance of the alleged confession, we think the wrong should be made right by the granting of a new trial. Such result should have been foreseen by counsel.

The defendant is a young married man with a family and is an employee of one of the stores in Ida Grove. He put his general reputation in issue and sustained it without any conflict. The prosecuting witness, Kearney, had lived in Ida Grove only nine months. He knew the defendant, but was not personally acquainted with him. He did not recognize the defendant in the course of the robbery. The robber masked himself with a handkerchief over his face from his nose down. In view of our holding at this point, we will not discuss other assignments of error.

The judgment below is reversed.

MITCHELL, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.